# FRANK J. RODER vs. PELICAN RICE COMPANY, ET ALS.

## Syllabus.

Where it is a matter of appreciating the probative value of testimony and not a question of the credibility of witnesses, the findings of the trial Judge will not be taken as conclusive.

Appeal from the Civil District Court, Parish of Orleans, Division "A," No. 95,637, Hon. T. C. W. Ellis, Judge.

Dart, Kernan & Dart, for plaintiff and appellee.

Walker & Wolff, for defendant and appellant.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

Plaintiff sues for damages for breach on defendants' part of an oral contract whereby the latter agreed that they would lease his property for one year from October 1st, 1911, provided he completed certain repairs and alterations prior to said date. The defense is that the plaintiff failed to make the repairs and alterations agreed upon and thereby released the defendants from their obligation to lease the property. There was judgment for plaintiff as prayed for and defendants appealed.

The case hinges upon a determination of the question of what was the nature or extent of the repairs and alterations that it was agreed should be made as a condition precedent to the execution of the lease; the plaintiff claiming that his obligation was confined to paintng the buildings, while defendants insist that it embraced not only the painting of the buildings, but also the grading and paving of the yard, the removal of debris from the out-buildings, and other repairs.

The testimony of the two defendants fully supports their contention on this question, while that adduced on

behalf of plaintiff fails to establish with any degree of certainty that his obligation to repair was restricted to the single item of the painting. The only witness on his behalf is a clerk who was present when an interview on the subject of a lease took place between plaintiff and "two gentlemen" and he testifies that on that occasion it was stated that if plaintiff would paint the buildings, "these gentlemen" would lease the property.

But it is apparent that this witness either heard a part only of this interview or was present at but one of the several interviews which defendants testify as having taken place prior to an agreement being reached; for he states:

"Q. There might have been conversations had between Mr. Roder, and you would not know anything about them?

"A. Yes, sir."

\*  \*  \*  \*  \*  \*  \*  \*  \*

"A. It seemed from the conversation I heard that there had been some talk previous to the time I was there."

Moreover, defendants deny that they participated in any such interview and the testimony of this witness by no means precludes the possibility that on this occasion plaintiff was negotiating with parties other than defendants.

"Q. To whom was Mr. Roder speaking at the time?

"A. To two gentlemen—the names, I don't know the names.

"Q. You don't know either one of the defendants in this case?

"A. No, sir."

\*  \*  \*  \*  \*  \*  \*  \*  \*

"Q. Who was talking to Mr. Roder about leasing this property?

"A. These two gentlemen, I don't know the names.

"Q. You don't know who they are at all?

A. No, sir."

It thus appears that the case involves the question of the probative value of this testimony rather than of the credibility of the witnesses, and notwithstanding that the judgment below was for plaintiff, we are of the opinion that he has failed wholly to establish with any degree of certainty that the condition upon which the property was to be leased was such as he alleges.

The judgment is accordingly reversed, and it is now ordered that there be judgment in defendants' favor dismissing plaintiff's demand as in case of non-suit at his cost in both Courts.

Reversed.

Opinion and decree January 27, 1913.

Dufour, J., takes no part.